IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 24-cv-01654_____

ANDREW ZEINER, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

DUTCH BOTANICALS LLC d/b/a/ MORGANICS CONCENTRATES, a Colorado limited liability company, and
JENNY TRAN, individually,

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Andrew Zeiner ("Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, Leventhal Lewis Kuhn Taylor Swan PC and Billhorn Law Firm, complains as follows:

**NATURE OF THE ACTION**

1. This action is brought on behalf of all cannabis growers holding comparable positions with different titles (collectively "Growers") employed by Dutch Botanicals LLC d/b/a/ Morganics Concentrates ("Defendant Dutch Botanicals") and Jenny Tran ("Defendant Tran") (Defendant Dutch Botanicals and Defendant Tran are referred to collectively as "Defendants") in Colorado during the last three (3) years, plus any period of tolling, and who were not properly paid overtime compensation.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff alleges that Defendants violated the FLSA, 29

U.S.C. §§ 201 *et seq.*, by failing to pay Growers required overtime compensation.

3. This case is also brought as a class action under Fed. R. Civ. P. 23 pursuant to the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 CCR § 1103-1, and the Colorado Wage Act ("CWA"), C.R.S. § 8-4-101. Plaintiff alleges that Defendants violated the COMPS Order by failing to pay Growers overtime compensation at applicable rates as required by law. Plaintiff alleges that Defendants violated the CWA by failing to pay all earned overtime wages.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

6. Defendant Dutch Botanicals is subject to personal jurisdiction in Colorado because it is registered in Colorado, domiciled in Colorado, has availed itself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of Defendant Dutch Botanicals's activities in Colorado.

7. Defendant Tran is likewise subject to personal jurisdiction in Colorado because she owned, operated, and managed Defendant Dutch Botanicals which is domiciled in Colorado, is herself domiciled in Colorado, availed herself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of Defendant Tran's activities in Colorado.

8. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## THE PARTIES

9. Plaintiff is, and was at all times relevant to this action, an adult individual domiciled in Denver, Colorado.

10. Defendant Dutch Botanicals is a limited liability company registered under the laws of the State of Colorado with its principal place of business located at 17600 E Exposition Drive, Suite C in Aurora, Colorado.

11. Defendant Tran is the founder, member, and day-to-day manager of Defendant Dutch Botanicals.

12. Defendants are primarily in the business of growing, manufacturing, and selling cannabis and cannabis products.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to prosecute his FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendants as Growers (or similar title as defined *supra*) in Colorado at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of 40 in a work week ("Collective").

14. Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

3

15. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

16. Plaintiff sues on his own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendants' violations of the COMPS Order and the CWA.

17. Plaintiff brings his Colorado state law claims on behalf of all employees who were employed by Defendants in Colorado as Growers at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Grower (or similar title as defined *supra*) and who were not paid overtime compensation for all hours worked or at an appropriate rate of pay for all hours worked, including hours in excess of 40 in a work week and/or 12 in a work day ("Overtime Class").

18. The members of the Overtime Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are dozens of members of the Overtime Class.

19. Plaintiff's claims are typical of the claims of the members of the Overtime Class. Plaintiff performed the same essential job duties as the members of the Overtime Class; Defendants paid Plaintiff and the members of the Overtime Class pursuant to the same policies and procedures; and Plaintiff and the members of the Overtime Class were victims of the same wrongful conduct in which Defendants engaged in violation of the COMPS Order and the CWA.

20. The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which injured parties can effectively litigate against corporate defendants like Defendant Dutch Botanicals. Numerous repetitive individual actions would also place an undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct.

21. Defendants have acted or refused to act on grounds generally applicable to the Overtime Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Overtime Class as a whole.

22. Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

23. Plaintiff will fairly and adequately protect the interests of the members of the Overtime Class.

24. There are questions of law and fact common to the Overtime Class which predominate over any questions solely affecting the individual members of the Overtime Class, including, but not limited to:

   a. Whether Defendants employed the members of the Overtime Class within the meaning of the COMPS Order and the CWA;

b. Whether Defendants' policies and practices described within this Complaint are illegal;

c. Whether Defendants properly paid the members of the Overtime Class for all hours, including hours worked above 40 hours in a work week and/or 12 hours in a work day;

d. Whether Defendants properly tracked and/or calculated the number of overtime hours payable to the members of the Overtime Class based on their beyond 40 hours in a work week and/or 12 hours in a work day;

e. What proof of hours worked is sufficient where, as here, Defendants failed in their duty to keep and maintain accurate time records; and

f. Whether Defendants are liable for all damages claimed hereunder.

## STATEMENT OF FACTS

25. Defendants operate a cannabis business in which Defendants grow, harvest, process, manufacture, and sell cannabis and cannabis related products (*e.g.*, concentrates, edibles, pre-rolled cigarettes) for sale to customers. Growers follow standardized processes involving well-established techniques and procedures implemented by Defendants, and they work within closely prescribed limits imposed by Defendants. Defendants employ all Growers and establish their pay practices.

26. Defendant Tran controlled scheduling, work assignments, duties, and compensation for all Growers, including Plaintiff.

27. Growers are classified as non-exempt, hourly workers and compensated on an hourly basis. Growers should be paid for all hours worked, including overtime compensation for

6

hours worked over 40 in a work week and/or over 12 in a work day.

28. Defendants purchased cannabis seeds, plants, and other cannabis products which were produced and manufactured outside of Colorado and/or purchased from vendors from outside of Colorado which were delivered to Defendants from outside of Colorado to be sold to Colorado customers.

29. Defendants manufactured cannabis products that were packaged and sold to customers outside of Colorado for sale and/or consumption inside and outside of Colorado.

30. More than half of Defendants' revenues are generated from (a) sale of final products which Defendants purchase from outside vendors and repackage within Defendants' own business name, branding and packaging for resale in Colorado, and (b) processing distilled cannabis purchased from outside vendors into cannabis resin products sold under Defendants' own business name, branding, and packaging for sale in Colorado.

31. Defendants also generate revenues from sale of e-cigarette and electronic vaping cartridges which Defendants purchase from outside vendors for resale in Colorado.

32. Defendants are engaged in and generate revenue from substantial non-agricultural business.

33. Growers are all hourly workers who were paid their straight time hourly rates for all hours worked each pay period including those over 40 in a work week and/or over 12 in a work day.

34. Upon information and belief, Growers were not provided required tax documents (*e.g.*, IRS Forms W-4 or W-9) or Defendants failed to report and process required tax documents to local, state, and federal tax authorities such that Defendants did not classify Growers as bona

fide employees.

35. Defendants employed Plaintiff as a Grower at their Aurora, Colorado facility. Plaintiff began his employment on or about June 15, 2023 and separated from Defendants on or about February 22, 2024.

36. At the start of Plaintiff's employment with Defendants, Plaintiff was advised by Defendants, specifically Defendant Tran, that he would be classified as a 1099 independent contractor. Plaintiff was never provided an IRS Form W-9. Defendant Tran informed Plaintiff he would be paid $18.00 per hour and was not entitled to overtime wages. Plaintiff was told that he would be paid in this fashion during an initial "probationary" period of employment. Defendant Tran told Plaintiff that upon completion of the "probationary" employment period, Plaintiff would be converted to a W-2 employee and paid overtime.

37. However, Plaintiff's wages and classification remained the same throughout the duration of his employment with Defendants even after his "probationary" period of employment expired.

38. As a Grower, Plaintiff performed a variety of duties for Defendants. Plaintiff spent some of his work hours involved in growing of cannabis, including washing and pressing of plants used to manufacture cannabis resin products.

39. Plaintiff spent substantial work hours performing other non-agricultural tasks for Defendants unrelated to cannabis cultivation such as packing and repacking finished cannabis products and order fulfillment. Plaintiff was also required to make local deliveries of products to Defendants' customers. Plaintiff made local deliveries of cannabis products for Defendants at least once per week.

40. Plaintiff regularly worked 48 or more hours per week. Plaintiff usually worked 6 days per week.

41. Plaintiff was regularly asked to come into work before and stay after his scheduled shifts.

42. Plaintiff would use Defendants' biometric (fingerprint) time clock to clock in and out for his shifts.

43. Plaintiff was paid his wages via handwritten business check drawn from Defendant Dutch Botanicals's operating account at U.S. Bank.

44. Plaintiff received only his straight time hourly rate of pay ($18.00) for all hours worked including those over 40 in individual work weeks or 12 in a work day.

45. Plaintiff regularly worked more than 40 hours each week, but Plaintiff never received overtime premiums at one and one-half his regular rate of pay for hours worked over 40 in individual work weeks and/or 12 hours in a work day.

46. Because Plaintiff spent a substantial number of work hours performing tasks at Defendants' direction which were not related to agriculture, Plaintiff was not an employee engaged in agriculture.

47. Plaintiff and all other Growers were employed under identical or substantially similar terms. All Growers were provided identical or substantially similar descriptions of their position(s) at the start of their employments.

48. Plaintiff and members of the Collective and Overtime Class were directed by Defendants to strictly adhere to instructions and policies implemented by Defendants.

49. Plaintiff and members of the Collective and Overtime Class participated and

engaged in essential job duties and tasks daily that directly related and contributed to Defendants' primary business of growing, manufacturing, and selling cannabis products and generating revenues and profits that benefitted Defendants.

50. Defendants failed to pay overtime wages to members of the Collective and Overtime Class and failed to classify and report them as employees.

51. The common terms of employment for Growers, including the pay practices identified herein, were intentionally and purposefully made identical by Defendants.

52. The uniform and common practices and policies implemented by Defendants, including the job duties and compensation structure, applied to all Growers, including Plaintiff.

53. Due to the uniform and common policies and practices implemented by Defendants, most, if not all, of the Growers' job duties as described were determined by Defendants.

54. Defendants previously employed Plaintiff. Defendants continue to employ members of the Collective and Overtime Class as alleged herein.

55. Plaintiffs and members of the Overtime Class were and are entitled to the wage protections afforded by the CWA which apply to timely payment of all earned wages.

56. Defendants have failed to pay Growers, including Plaintiff, overtime pay. Defendants continue to fail to pay overtime wages to Growers.

57. Defendants have a uniform policy and practice to not pay Growers overtime wages for all hours worked in excess of 40 per work week and/or 12 per work day.

58. The common terms of employment for Growers were intentionally and purposefully made identical by Defendants and applied to all members of the Overtime Class.

10

59. Defendants' violations of the FLSA and CWA are not in good faith. Defendants are, and have been, aware of their legal obligation to pay overtime compensation to Plaintiff and members of the Collective and Overtime Class. Defendants' violations of the FLSA and CWA are willful because, among other things, Plaintiff complained to Defendants about Defendants' failure to pay overtime wages during his employment and Defendants failed to take remedial action.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

60. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

61. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA.

62. At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

63. At all relevant times, Defendants have had gross annual revenues in excess of $500,000.

64. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1.

65. At all relevant times, Defendants have had a uniform policy and practice to not pay Growers overtime compensation for all overtime hours worked at legally mandated rates.

66. As a result of Defendants' failure to properly compensate Growers, including Plaintiff and the members of the Collective, Defendants have violated, and continue to violate, the FLSA.

67. As employers within the meaning of the FLSA, Defendants have a duty to create and maintain accurate records of employee hours.

68. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the members of the Collective, is entitled to recover from Defendants unpaid overtime compensation, liquidated damages, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**COMPS ORDER – CLASS ACTION**

70. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

71. At all relevant times, Plaintiff and the members of the Overtime Class were employed by Defendants within the meaning of the COMPS Order.

72. Because Defendants were, at all relevant times, employers within the meaning of the FSLA, they were also employers within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

73. Defendants violated the COMPS Order by failing to pay Growers all overtime compensation to which they are entitled at the legally required rates.

74. Plaintiff and the members of the Overtime Class are entitled to recover from Defendants overtime compensation at the appropriate premium for all hours worked over 40 in a work week and 12 in a work day, any statutory penalties, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

**THIRD CLAIM FOR RELIEF**

**COLORADO WAGE ACT – CLASS ACTION**

75. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

76. At all relevant times, Plaintiff and the members of the Overtime Class were employed by Defendants within the meaning of C.R.S. § 8-104-101(5).

77. At all relevant times, Defendants were employers within the meaning of C.R.S. § 8-104-101(6).

78. The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)-(III).

79. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Overtime Class worked hours at or below 40 hours in individual work weeks which were required to be paid at their regular hourly rates of pay.

80. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Overtime Class worked in excess of 40 in individual work weeks or 12 in a work day which required pay at time and one-half their regular hourly rates of pay.

81. Once Plaintiff and members of the Overtime Class worked hours below, at, and above 40 in individual work weeks, they earned overtime compensation, although it was not paid. As such, any overtime wages for which Plaintiff and members of the Overtime Class were not paid were and are "wages" as defined by the CWA, and therefore subject to the requirements of the CWA.

82. Plaintiff and members of the Overtime Class did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks or 12 in individual work days.

83. Pursuant to C.R.S. § 8-4-109(3)(b)(I), if an employer fails to pay an employee earned, vested, and determinable wages as set forth by the CWA within fourteen (14) days of service of a civil action, the employee is entitled to a penalty of two times the amount of unpaid wages or compensation.

84. Pursuant to the C.R.S. § 8-4-109(3)(b)(I), if the employee can prove that the employer's failure to pay wages due under the Act was willful, the employee is entitled to a penalty of three times the amount of unpaid wages or compensation.

85. Defendants' failure and refusal to pay earned overtime wages, as demanded herein within the fourteen (14) day period described by the C.R.S. § 8-4-109(3)(a), was willful and in bad faith.

86. Defendants' failure and refusal to pay earned overtime wages, as demanded herein within the 14-day period described by the C.R.S. § 8-4-109(3)(a), was willful and in bad faith.

87. Plaintiff and members of the Overtime Class are owed all earned, unpaid wages and statutory penalties, including increased penalties for willful violations of the CWA.

88. Per C.R.S. § 8-4-110, Plaintiff and members of the Overtime Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective and Overtime Class, requests that this Court grant the following relief:

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective and Overtime Class, request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Overtime Class and appointing Plaintiff and his counsel to represent the Overtime Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, COMPS Order, and CWA;

d. An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the COMPS Order and CWA;

e. An award of overtime compensation due under the FLSA and the COMPS Order;

f. An award of unpaid, earned, and vested regular wages under the CWA;

g. An award of liquidated damages and/or statutory penalties under the FLSA and CWA;

h. An award of additional damages and/or statutory penalties under the FLSA and CWA as a result of Defendants' willful failure to pay overtime compensation;

i. An award of damages representing Defendants' share of FICA, FUTA, state

unemployment insurance, and any other required employment taxes;

j. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

k. An award of costs and expenses of this action together with attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the Collective and Overtime Class have a right to jury trial.

Respectfully submitted this 14th day of June, 2024.

>/s/ Samuel D. Engelson
>Michael D. Kuhn
>Andrew E. Swan
>Samuel D. Engelson
>LEVENTHAL | LEWIS
>KUHN TAYLOR SWAN PC
>3773 Cherry Creek N. Drive, Suite 710
>Denver, CO 80209
>Telephone: (720) 699-3000
>Facsimile: (866) 515-8628
>Email: mkuhn@ll.law
>   aswan@ll.law
>   sengelson@ll.law
>
>John W. Billhorn
>BILLHORN LAW FIRM
>3773 Cherry Creek N. Drive, Suite 710
>Denver, CO 80209
>Telephone: (312) 853-1450
>Email: jbillhorn@billhornlaw.com
>
>*Attorneys for Plaintiff*